IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH DINGLER, #344754, §§§ Petitioner, §§ V. § §  432ND JUDICIAL DISTRICT OF TEXAS, §§§ Respondent. § | No. 3:24-cv-2104-L-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Joseph Dingler filed a *pro se* habeas application under 28 U.S.C. § 2241 while detained pretrial at the Tarrant County Jail. *See* Dkt. Nos. 2 & 3. United States District Judge Sam A. Lindsay referred this matter to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

On October 25, 2024, the Court entered judgment dismissing Dingler's application without prejudice for failure to fully and properly exhaust state court remedies. *See* Dkt. Nos. 6, 14, 15.

Dingler now moves for an emergency stay and temporary restraining order (TRO) through a filing that the Court docketed in this closed habeas action on November 19, 2024. *See* Dkt. No. 18. Dingler's motion appears to seek emergency reconsideration of the denial of his habeas petition. It also states that he has been transferred to a state hospital for competency restoration. But it is not clear from the

motion what actions or what entity Dingler seeks to stay or enjoin.

A TRO is "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion," *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (internal quotation marks omitted), that all four of the following exist: "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest," *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted).

Dingler's allegations made in a TRO motion filed in this dismissed action fail to carry his burden to show a substantial likelihood that he will either prevail on the merits or suffer irreparable injury if the injunction is not granted. But, even if he could prevail on the first two prongs of the TRO standard, he has requested injunctive relief in a habeas proceeding and thus cannot prevail on prongs 3 and 4.

> Any injunction directed at state prison authorities presumably causes some level of inconvenience for public officials and requires the expenditure of some amount of taxpayer funds, thus resulting in damage to Respondent and the public interest both. *See* 18 U.S.C. § 3626(a)(2) (when considering a preliminary injunction, a "court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief"); *see also Wilkerson v. Stalder*, 329 F.3d 431, 436 (5th Cir. 2003) ("Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order.") (citation omitted). [Dingler] does not show that his threatened injury outweighs the former, or that the injunction

will not cause the latter, and he therefore falls short of unequivocally demonstrating the need for the extraordinary remedy of a [TRO].

*Shields v. Thaler*, C.A. No. C-12-319, 2013 WL 620378, at *3 (S.D. Tex. Jan. 25, 2013).

The Court should therefore deny the motion for an emergency stay and TRO.

## Recommendation

The Court should deny Petitioner Joseph Dingler's Emergency Motion for Stay and Temporary Restraining Order [Dkt. No. 18].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 20, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE