IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH DINGLER, #344754,  Petitioner, | § § § § | |
| v. | § § | Civil Action No. **3:24-CV-2104-L-BN** |
| 432ND JUDICIAL DISTRICT OF TEXAS,  Respondent. | § § § § § | |

## ORDER

On November 20, 2024, United States Magistrate Judge David Horan entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 19), recommending that the court **deny** pro se Petitioner Joseph Dingler's ("Petitioner" or "Mr. Dingler") Emergency Motion for Stay and Temporary Restraining Order ("TRO") (Doc. 18). The magistrate judge recommended dismissal because Petitioner's allegations fail to "carry his burden to show a substantial likelihood that he will either prevail on the merits or suffer irreparable injury if the injunction is not granted." Report 2.

No objections have been filed, and the 14-day period to object after service of the Report has expired. Fed. R. Civ. P. 72(b)(1)(2); 28 U.S.C. § 636(b)(1)(C). The court, after considering the Report, TRO, record, and applicable law, **concludes** that the findings and conclusions of the magistrate judge are correct and are **accepted** as those of the court.

Magistrate Judge Horan determined that Mr. Dingler failed to satisfy the elements required to satisfy the burden of persuasion to obtain a TRO. Report 2 (citing *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989)).

Order – Page 1

Having reviewed the TRO, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Mr. Dingler has not satisfied the requirement to exhaust his available state remedies because he has not shown that his pending state court trial has been resolved. Accordingly, the court **denies** Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241. The court **directs** the clerk of court to **reopen**, solely for statistical purposes, and then **close** this case based on this order.  **Further, the court directs the clerk of the court not to accept any future actions from this Plaintiff unless he first obtains leave from a district or magistrate judge.**

A petitioner "is not required to obtain a [Certificate of Appealability] to appeal the denial of [a] motion for a preliminary injunction because he is not challenging 'the final order in a habeas corpus proceeding.'" *Johnson v. Thaler*, 421 F. App'x 431, 431 (5th Cir. 2011) (per curiam) (quoting 28 U.S.C. § 2253(c)(1)(A)). If Petitioner appeals the denial of the TRO Motion, the court prospectively **denies** him leave to appeal *in forma pauperis* (IFP) and **certifies**, under 28 U.S.C. § 1915(a)(3), and as fully explained in the Report that any appeal would not be taken in good faith. Petitioner may challenge this finding under *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997), by filing a motion to proceed IFP on appeal with the Clerk of the Court, U.S. Court of Appeals for the Fifth Circuit, within 30 days of this order. *See, e.g.*, *Dobbins v. Davis*, 764 F. App'x 433, 434 (5th Cir. 2019) (per curiam) (applying *Baugh* to state prisoner's appeal in federal habeas action).

**It is so ordered** this 11th day of December, 2024.

Sam A. Lindsay
United States District Judge